DLD-305                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2467
_____

In Re:  ROER ALFREDO DAVILA HERRERA,
Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Cr. No. 2-06-cr-00537-003)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 20, 2015

Before:  FISHER, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed: August 26, 2015)
_____

OPINION[*]
_____

PER CURIAM

        Pro se petitioner Roer Alfredo Davila Herrera has filed a petition for writ of

mandamus.  For the reasons set forth below, we will deny Herrera's petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In June 2010, a jury in the Eastern District of Pennsylvania found Herrera guilty of conspiracy to distribute five kilograms or more of cocaine and possession with intent to distribute five kilograms or more of cocaine, and he was subsequently sentenced to 360 months' imprisonment. He appealed his sentence, and we affirmed. See United States v. Ruiz-Herrera, 503 F. App'x 135 (3d Cir. 2012). After other proceedings not relevant here, on March 20, 2015, Herrera filed a document titled, "Post-Conviction Relief Seeking Court to Overturn Conviction for Immediate Release." Herrera claimed that his conviction was based on a case of mistaken identity.[1]

On June 8, 2015, Herrera's motion for post-conviction relief remained pending, and he filed a mandamus petition in this Court requesting that we direct the District Court to rule upon that motion. Soon thereafter, the District Court denied the motion, and Herrera filed a timely notice of appeal that has been docketed at C.A. No. 15-2550. The Clerk of this Court asked Herrera to inform the Court whether, in light of the District Court's order, he wished to withdraw his mandamus petition, and he responded that he believed his petition should be granted because the District Court had erred in denying his post-conviction motion.

We will deny Herrera's petition. Mandamus is a drastic remedy that is granted in only extraordinary cases. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To demonstrate that mandamus is appropriate, a petitioner must establish that he has "no other adequate means" to obtain the relief requested, and that he has a "clear and

---

[1] The District Court has previously rejected a similar claim. See D.C. dkt. #292.

indisputable" right to issuance of the writ. <u>Madden v. Myers</u>, 102 F.3d 74, 79 (3d Cir. 1996). Mandamus may not be used as a substitute for appeal. <u>See</u> <u>In re Diet Drugs Prods. Liab. Litig.</u>, 418 F.3d at 378–79.

Here, to the extent that Herrera has asked us to order the District Court to rule on his post-conviction motion, he has already received the relief that he requested, and consequently, there is no basis for us to intervene. To the extent that Herrera has asked us to review the District Court's denial of his motion for post-conviction relief, mandamus relief is unavailable because he may obtain that review in his pending appeal in C.A. No. 15-2550. <u>See</u> <u>In re Kensington Int'l Ltd.</u>, 353 F.3d 211, 219 (3d Cir. 2003) ("If, in effect, an appeal will lie, mandamus will not.").

Accordingly, we will deny Herrera's mandamus petition.